## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

CHRISTIAN REYNOLDS,

        Case No.

    Plaintiff.

v.

FREEDOMROADS, LLC,

    Defendant.
_____/

## COMPLAINT

Plaintiff, CHRISTIAN REYNOLDS, by and through his undersigned attorney, alleges upon information, belief and knowledge, as follows:

### JURISDICTION AND VENUE

1. This action is brought pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. 201, et seq. District Court jurisdiction exists pursuant to 29 U.S.C. 216(b) and 217 and 28 U.S.C. 1331.

### PARTIES

2. Plaintiff, Christian Reynolds (hereinafter "Reynolds"), is a resident of Florida and performed work for the Defendant in Marion County in the Middle District of Florida.

3. Plaintiff was an employee of Defendant within the contemplation of 29 U.S.C. 203(e)(1).

4. Pursuant to 28 U.S.C. 1391(b), venue for this action properly lies in the Middle District of Florida.

5. Defendant, FreedomRoads, LLC (hereinafter "FreedomRoads" or "Camping World"), is a retailer selling recreational vehicles and campers and maintains its headquarters and principal address in Lincolnshire, Illinois. Defendant is an employer within the meaning of the FLSA. It is also known as "Camping World".

6. Camping World operates retail centers in the United States and has thousands of employees.

7. Camping World sells recreational vehicles through a network of independent dealers through the United States.

## FACTUAL SUMMARY

8. Plaintiff adopts by reference each and every material averment contained in paragraphs 1 through 7 above as if fully set forth herein.

9. Plaintiff worked for the Defendant within the three years preceding the filing of this Complaint as a technician.

10. Plaintiff's job duties consisted of inspecting recreational vehicles before they were delivered to Defendant's customers and service recreational vehicles on the flat-rate payment system. In order to perform these duties, Plaintiff had to be present at Camping World.

11. At all times relevant to the Complaint, Plaintiff was flat-rate paid, nonexempt employee.

12. Plaintiff was regularly scheduled and did work in excess of forty hours in a work week.

13. Plaintiff regularly performed tasks that were outside of the flat-rate system tasks.

14. Plaintiff worked for Defendant at 14200 US-441, Summerfield, FL 34491 in Marion County.

## COUNT ONE
## UNPAID WAGES AND/OR OVERTIME VIOLATIONS - FLSA

15. Plaintiff adopts by reference each and every material averment contained in paragraphs 1 through 14 above as if fully set forth herein.

16. Plaintiff was required to clock in before each shift and clock out after each shift.

17. Once the Plaintiff was clocked in, he was given tasks that were paid according to the flat rate payment system.

18. The Plaintiff was to be paid the flat rate hours for the task performed.

19. The flat rate hours for the tasks the Plaintiff would be delegated to other employees so the Plaintiff would not get full credit for the tasks he performed.

20. Plaintiff was also given tasks that were not on the flat rate system.

21. Said tasks performed by Plaintiff described in Paragraphs 19 and 20 were performed for the benefit of Defendant without compensation.

22. Plaintiff aver that he was required to be at the retailer from 8:00 A.M. to 5:00 P.M.

23. Plaintiff avers that he would stay past his shifts in order to perform tasks.

24. Plaintiff avers that he was not compensated for the aforementioned postliminary work.

25. Defendant's policies and practices did not fairly compensate Plaintiff for all work performed for the benefit of Defendant for both hours worked and hours worked over forty in a work week, depriving Plaintiff of unpaid wages and/or overtime.

26. Asa result of Defendant's violation of the FLSA, Plaintiff has suffered loss of pay and benefits.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

a. That the Court issue proper process to compel Defendant to answer or otherwise plead to the allegations contained in this Complaint;

b. That this Court award Plaintiff the amount of his unpaid wages and overtime wages, plus an additional equal amount as liquidated damages;

  c. That Plaintiff be granted judgment against Defendant for all reasonable attorneys' fees, costs, disbursements, and interest; and

  d. For such other and further relief as this Court deems equitable, proper and just.

**Dated:  November 7, 2019**

            Respectfully submitted,

            /s/ Michael Massey
            Michael Massey
            Counsel for Plaintiff
            Fla. Bar No. 153680
            Massey & Duffy, P LLC
            855 E. Univ. Ave.
            Gainesville, FL 32601
            massey@352law.com