# EXHIBIT A

| | |
|---|---|
| **From:** | Powell, Charles |
| **To:** | adr@lynncole.com |
| **Cc:** | Michael Massey; bryancorbett@adr.org |
| **Subject:** | Christian Reynolds v. FreedomRoads, LLC - Case 01-20-0000-4029 - Joint Motion For Approval of Settlement |
| **Date:** | Friday, June 12, 2020 4:06:38 PM |
| **Attachments:** | image001.png |
| | image002.png |
| | Joint Motion to Approve FLSA Settlement.pdf |
| | Lynn"s Food Stores, Inc. v. United States, 679 F.2d 1350.pdf |

Arbitrator Cole, the Parties have negotiated a settlement of Mr. Reynolds' claims. Because this is an FLSA case, attached is the Parties Joint Motion to Approve Settlement. For your convenience, attached is a copy of the case cited in the Parties motion. We appreciate your consideration of this joint motion.

**Charles Powell IV**
Shareholder
205.421.4703 direct, 205.278.8775 fax
CPowell@littler.com



Labor & Employment Law Solutions | Local Everywhere
420 20th Street North, Suite 2300, Birmingham, AL 35203-3204

## AMERICAN ARBITRATION ASSOCIATION

| | |
|---|---|
| **CHRISTIAN REYNOLDS,** ) | |
| ) | |
| Claimant, ) | |
| ) | **CASE NO.:** |
| v. ) | |
| ) | 01-20-0000-4029 |
| **FREEDOMROADS, LLC,** ) | |
| ) | |
| Respondent. ) | |

## JOINT MOTION TO APPROVE FAIR LABOR STANDARDS ACT SETTLEMENT

Claimant Christian Reynolds ("Claimant") and Respondent FreedomRoads, LLC ("Respondent") (Claimant and Respondent are together referred to as the "Parties"), through their undersigned counsel, jointly move the Arbitrator for an Order approving the terms of the Parties' negotiated settlement and release agreement ("Agreement"). In support of this motion, the Parties state as follows:

1. Claimant worked for Respondent as a flat rate Service Technician in Respondent's retail and service establishment in Ocala, Florida. As a flat rate service technician, Claimant was paid a flat rate for each service job performed and was treated as exempt from overtime under the Fair Labor Standards Act. Claimant filed this action to challenge his exempt status and seek allegedly unpaid overtime. Respondent denies Claimant's allegations and asserts that Claimant was exempt from overtime under the FLSA pursuant to the statute and its Regulations, including but not limited to 29 U.S.C. §207(i). Recognizing the uncertainties of litigation, especially during the pandemic, the Parties initiated settlement discussions.

2. Because the Parties had exchanged initial disclosures, they had available during these negotiations copies of Claimant's time-clock and pay records. After extensive analysis of this data, the Parties engaged in arm's length negotiations to reach a settlement of Claimant's claims against Respondent. As reflected in the Parties' Agreement [Ex. 1], the settlement amount

to be paid to Claimant includes an amount for back wages and liquidated damages equal to the amount paid for unpaid back wages, as well as separate consideration for a general release of any other claims arising out of his employment as provided in the Agreement. The Agreement's terms reflect the recognition of the risk and costs of litigation by Parties with counsel experienced in such matters. In order to avoid these risks and costs, the Parties agree that resolving this litigation in accordance with the Agreement makes sense for all concerned, and is fair and reasonable within the meaning of *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982).. The Parties therefore urge the Arbitrator to approve their settlement.

3. In addition to the individual wage payments, the Parties also negotiated the payment of attorneys' fee and costs to Claimant. This payment is made by Respondent without admission of liability, but is intended to compensate counsel for Claimant for their prosecution of their client's claim. This fee reflects the amount of work performed by Claimant's counsel including participation in the settlement negotiations. The parties also note that no portion of the fee is being deducted from the wage calculations applicable to the Claimant.

4. Within 5 business days of the Arbitrator's approval of the Settlement Agreement, the Parties will execute the original settlement agreement.

In light of the foregoing, the Parties respectfully requests that the Arbitrator approve their settlement.

Respectfully submitted on June 12, 2020.

| | |
|---|---|
| Michael Massey | Charles A. Powell IV |
| MASSEY & DUFFY, PLLC | LITTLER MENDELSON, P.C. |
| 855 E. Univ. Ave. | 420 20th Street North, Suite 2300 |
| Gainesville, FL 32601 | Birmingham, AL 35203-3204 |
| Attorney for Claimant | Attorney for Respondent |

2

# EXHIBIT 1

Submitted for In Camera Review



**Date and Time:** Friday, June 12, 2020 4:03:00 PM CDT
**Job Number:** 118942738

## Document (1)

1. *Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350*
   **Client/Matter:** 800000.9059
   **Search Terms:**
   **Search Type:**

About LexisNexis | Privacy Policy | Terms & Conditions | Copyright © 2020 LexisNexis

 Caution
As of: June 12, 2020 9:03 PM Z

# Lynn's Food Stores, Inc. v. United States

United States Court of Appeals for the Eleventh Circuit

July 6, 1982

No. 81-7747, Non-Argument Calendar

**Reporter**
679 F.2d 1350 *; 1982 U.S. App. LEXIS 17704 **; 94 Lab. Cas. (CCH) P34,212; 25 Wage & Hour Cas. (BNA) 772; 65 A.L.R. Fed. 691

LYNN'S FOOD STORES, INC., d/b/a Ye Olde Grocery Shoppe, Plaintiff-Appellant, v. UNITED STATES of America, Acting By and Through U.S. DEPARTMENT OF LABOR, EMPLOYMENT STANDARDS ADMINISTRATION, WAGE AND HOUR DIVISION, Defendant-Appellee.

**Prior History:**
 [**1]
 Appeal from the United States District Court for the Southern District of Georgia.

An employer who violates the Fair Labor Standards Act (FLSA), _29 U.S.C.S. § 201 et seq._, is liable to its employees for both unpaid minimum wages or overtime compensation and for an equal amount in liquidated damages. _29 U.S.C.S. § 216(b)_. When an employee to whom FLSA wages and damages are owed cannot be located, the employer is not entitled to keep the funds. Instead, the money must be deposited in the United States Treasury. _29 U.S.C.S. § 216(c)_.

## LexisNexis® Headnotes

Business & Corporate Compliance > ... > Wage & Hour Laws > Administrative Proceedings > Enforcement Provisions

Labor & Employment Law > ... > Remedies > Damages > Backpay

Labor & Employment Law > Wage & Hour Laws > Administrative Proceedings > General Overview

Labor & Employment Law > Wage & Hour Laws > Scope & Definitions > General Overview

Labor & Employment Law > ... > Remedies > Damages > Liquidated Damages

_HN1_[ ]   Administrative Proceedings, Enforcement Provisions

Business & Corporate Compliance > ... > Labor & Employment Law > Collective Bargaining & Labor Relations > Bargaining Subjects

Labor & Employment Law > ... > Employment Contracts > Conditions & Terms > General Overview

Labor & Employment Law > Wage & Hour Laws > Scope & Definitions > General Overview

_HN2_[ ]   **Collective Bargaining & Labor Relations, Bargaining Subjects**

The provisions of the Fair Labor Standards Act (FLSA), _29 U.S.C.S. § 201 et seq._, are mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees. FLSA rights cannot be abridged by contract or otherwise waived because this would nullify the purposes' of the statute and thwart the legislative policies it was designed to effectuate.

> Business & Corporate Compliance > ... > Wage & Hour Laws > Administrative Proceedings > Enforcement Provisions
>
> Labor & Employment Law > ... > Remedies > Damages > Backpay
>
> Labor & Employment Law > Wage & Hour Laws > Administrative Proceedings > General Overview

*HN3*[ ] **Administrative Proceedings, Enforcement Provisions**

Under *29 U.S.C.S. § 216(c)*, the Secretary of Labor (secretary) is authorized to supervise payment to employees of unpaid wages owed to them. An employee who accepts such a payment supervised by the secretary thereby waives his right to bring suit for both the unpaid wages and for liquidated damages, provided the employer pays in full the back wages.

> Civil Procedure > Settlements > Settlement Agreements > General Overview
>
> Labor & Employment Law > ... > Remedies > Damages > Backpay
>
> Labor & Employment Law > Wage & Hour Laws > Remedies > General Overview
>
> Labor & Employment Law > Wage & Hour Laws > Remedies > Private Suits

*HN4*[ ] **Settlements, Settlement Agreements**

Under *29 U.S.C.S. § 216(b)*, when employees bring a private action for back wages under the Fair Labor Standards Act, *29 U.S.C.S. § 201 et seq.*, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

**Counsel:** Burnside & Wall, James B. Wall, Augusta, Ga., for plaintiff-appellant.

Edmund A. Booth, Jr., Asst. U. S. Atty., Savannah, Ga., Mary-Helen Mautner, U. S. Dept. of Justice, Washington, D. C., for defendant-appellee.

**Judges:** Before GOLDBERG *

Honorable Irving L. Goldberg, U. S. Circuit Judge for the Fifth Circuit, sitting by designation.

, HILL and HATCHETT, Circuit Judges.

**Opinion by:** GOLDBERG

## Opinion

[*1351]
 An employer brought this declaratory judgment action against the United States  [*1352] Department of Labor seeking a ruling that the employer was free from liability arising under the Fair Labor Standards Act ("FLSA"). [1] *29 U.S.C. § 201 et. seq.*

The plaintiff employer based its claim upon a settlement agreement signed by a group of its employees. In response, the Department of Labor argued that the settlements could have no effect in releasing the employer from liability under the FLSA. The district court agreed with the Department of Labor and dismissed the action on the grounds that the settlements violated the provisions and policies of the FLSA. We affirm.

[**2]
 FACTS

After an official investigation, the Department of Labor concluded that Lynn's Food Stores, Inc. ("Lynn's") had violated FLSA provisions concerning, inter alia, minimum wage, overtime, and record-keeping. As a result, the Department of Labor determined that Lynn's was liable to its employees for back wages and liquidated damages. [2]

*HN1*[ ] An employer who violates the FLSA is liable to its employees for both unpaid minimum wages or overtime compensation and for an equal amount in liquidated damages. *29 U.S.C. § 216(b)*. When an employee to whom FLSA wages and damages are owed cannot be located, the employer is not entitled to keep the funds. Instead, the money must be deposited in the U.S. Treasury. *29 U.S.C. § 216(c)*.

[**3]

After the employer's unsuccessful attempts to negotiate a settlement with the Department of Labor, [3]

The Secretary of Labor has since brought suit against Lynn's to recover the back wages plus liquidated damages, and to enjoin Lynn's from future violations of the FLSA. See *29 U.S.C. §§ 216(c), 217*.

Lynn's approached its employees directly in an attempt to resolve the back wage claims. Specifically, Lynn's offered its employees.$ 1000.00, to be divided among them on a pro rata basis, in exchange for each employee's agreement to waive "on behalf of himself (herself) and on behalf of the U. S. Department of Labor" any claim for compensation arising under the FLSA. Some fourteen Lynn's employees signed the agreements, thereby accepting pro rata shares of.$ 1000.00 in exchange for back wages which, according to Department of Labor calculations, totalled more than $ 10,000.00. Lynn's then brought this action in district court seeking judicial approval of the settlement. [4] Lynn's characterized its action as being one for a declaratory judgment under *28 U.S.C. § 2201*.

SETTLEMENT OF BACK WAGE CLAIMS UNDER THE FLSA

The FLSA was enacted for the purpose of protecting workers from substandard wages and oppressive working hours. *Barrentine v. Arkansas-Best Freight System, 450 U.S. 728, 101 S. Ct. 1437, 1444, 67 L. Ed. 2d 641 (1981)*. Recognizing that there are often great inequalities in bargaining power between employers and employees, Congress made HN2[↑] the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees. *Brooklyn Savings Bank v. O'Neil, 324 U.S. 697, 65 S. Ct. 895, 902, 89 L. Ed. 1296 (1945)*. [5]

"The (FLSA) was a recognition of the fact that due to the unequal bargaining power as between employer and employee, certain segments of the population required federal compulsory legislation to prevent private contracts on their part which endangered national health and efficiency and as a result the free movement of goods in interstate commerce."

*Brooklyn Sav. Bank v. O'Neil, 65 S. Ct. at 902*.

"FLSA rights cannot be abridged by contract or otherwise waived because this would "nullify the purposes' of the [**4] statute and thwart the legislative policies it was designed to effectuate." *Barrentine v. Arkansas-Best Freight System, supra at 1445* (citations omitted).

There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. [*1353]

First, HN3[↑] under *section 216(c)*, the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. An employee who accepts such a payment supervised by the Secretary thereby waives his right to bring suit for both the unpaid wages and for liquidated damages, provided the employer pays in [**5] full the back wages. [6]

The waiver provision found in *section 216(c)* was intended to create an incentive for employers to voluntarily accept settlements supervised by the Department of Labor. *Sneed v. Sneed's Shipbuilding, Inc., 545 F.2d 537, 539 (5th Cir. 1977)*.

The only other route [7] Plaintiffs cite *29 U.S.C. § 253* as authorizing private settlements between employers and employees of FLSA back wage claims. By its terms, however, *section 253* applies only to actions which "accrued prior to May 14, 1947," the date the statute was enacted.

[**6] for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under *section 216(b)* to recover back wages for FLSA violations. HN4[↑] When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness. See *Schulte, Inc. v. Gangi, 328 U.S. 108, 66 S. Ct. 925, 928 n.8, 90 L. Ed. 1114*; *Jarrard v. Southeastern Shipbuilding Corporation, 163 F.2d 960, 961 (5th Cir. 1947)*. [8]

In *Brooklyn Bank v. O'Neil, supra*, the Supreme Court refused to give effect to a release signed by employees which waived their right to liquidated damages under the FLSA. The Court concluded that

the same policies which prohibited waiver of claims for minimum wages or overtime compensation also forbade waiver of rights to liquidated damages. Id. at 902. The Court found that the releases signed by the employees were not "in settlement of a bona fide dispute between the parties with respect to coverage or amount due under the Act;" but rather, were mere waivers of liquidated damage claims. Id. Thus the Court specifically left open the question whether the FLSA would permit settlement of claims between employers and employees "if the settlement is made as the result of a bona fide dispute between the two parties, in consideration of a bona fide compromise and settlement." Id. at 905.

In Schulte Co. v. Gangi, supra, the Supreme Court invalidated a settlement agreement releasing the employer from liquidated damage claims even though there was a bona fide dispute about whether the employees were covered by the FLSA. Based on the reasoning in O'Neil, the Court concluded, "neither wages nor the damages for withholding them are capable of reduction by compromise of controversies over coverage." Id. at 929. However, the Court in dicta drew a distinction between a settlement agreement and a stipulated judgment entered in the adversarial context of an employees' suit for FLSA wages. Id. at 928 n.8. Finally, in Jarrard v. Southeastern Shipbuilding Corp., supra, the Fifth Circuit held that the Supreme Court's decisions in O'Neil and Schulte regarding settlements did not prohibit approval of a "solemn and binding stipulated judgment entered upon disputed issues of both law and fact" in an FLSA suit brought by employees. Id. at 961. Thus, the lower court's decision to accord res judicata effect to a stipulated judgment entered by a state court, which awarded employees overtime compensation but not liquidated damages, was affirmed.

[**7]
It is clear that the agreements for which Lynn's seeks judicial approval fall into neither recognized category for settlement of FLSA claims. The agreements cannot be approved under section 216(c) because they were not negotiated or supervised by the Department of Labor; and because the agreements were not entered as a stipulated judgment in an action brought against Lynn's by its employees, the agreements cannot be approved under existing case law. [9]
See note 8, supra. Thomas v. State of Louisiana, 534 F.2d 613 (5th Cir. 1976), cited by appellants for the proposition that the Fifth Circuit recognizes the validity of agreements settling FLSA claims, is inapposite. In Thomas, the Court gave effect to a settlement agreement reached between the State of Louisiana and its employees. The agreement was reached subsequent to a Supreme Court decision holding that a state could not be sued for FLSA violations by its own employees, see Employees of the Dept. of Public Health & Welfare v. Dept. of Public Health and Welfare, 411 U.S. 279, 93 S. Ct. 1614, 36 L. Ed. 2d 251 (1973); and prior to the enactment of an amendment to the FLSA, 29 U.S.C. § 216(b), explicitly authorizing such suits. The Court held that the settlement was acceptable, since it was reached at a time when the employees simply did not have any rights under the FLSA. Thomas v. State of Louisiana, 534 F.2d at 615. In a concurring opinion, Judge Clark emphasized that the Thomas holding was extremely narrow and that the holding "cannot be construed to approve nonjudicial settlements of wage and hour claims in situations removed from the unique facts of this case." Id.

[**8]
 [*1354]
Lynn's takes the position that the circumstances in which its employees signed settlement agreements essentially duplicates the adversarial context of a lawsuit brought by employees to resolve a bona fide dispute over FLSA coverage. This is precisely the position rejected by the Supreme Court in both Brooklyn Savings v. O'Neil, supra and Schulte, Inc. v. Gangi, supra ; and we take this opportunity to reject it once again.

Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we [**9]
 allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation. [10]
See note 6, supra.

But to approve an "agreement" between an employer and employees outside of the adversarial context of a lawsuit brought by the employees would be in clear derogation of the letter and spirit of the FLSA. See Brooklyn Savings Bank v. O'Neil, supra; Schulte v. Gangi, supra.

The facts of this case illustrate clearly why this is so. Lynn's employees had not brought suit against Lynn's for back wages. Indeed, the employees seemed unaware that the Department of Labor had determined that Lynn's owed them back wages under the FLSA, or that they had any rights at all under the statute. There is no evidence that any of the employees consulted an attorney before signing the agreements. Some of the employees who signed the agreement could not speak English.

Lynn's offered for the record a transcription of the settlement "negotiations" between [**10] its representative and its employees. The transcript was offered as proof that the employees were not "pressured" to sign the agreements, that the settlements were strictly "voluntary." Ironically, the transcript provides a virtual catalog of the sort of practices which the FLSA was intended to prohibit. Lynn's representative repeatedly insinuated that the employees were not really entitled to any back wages, much less the amounts calculated by the Department of Labor. The employees were told that when back wages had been distributed as a result of past actions taken by the Department of Labor, "Honestly, most everyone returned the checks …" It was suggested that only malcontents would accept back wages owed them under the FLSA: the representative stated, "some (employees) … indicated informally to Mr. Lynn and to others within Lynn's Food Stores that they felt like they had been paid what they were due, and that they were happy and satisfied with the arrangements which had been made." Employees who attempted to suggest that they had been paid unfairly were told by the representative "we're not really here to debate the merits of it …" and that the objections would be taken [**11] up at "another time". The representative summed up the proceedings with this comment, "(t)hose who feel like they've been paid fairly, we want to give them an opportunity to say so." In sum, the transcript is illustrative of the many harms which may occur when employers are [*1355] allowed to "bargain" with their employees over minimum wages and overtime compensation, and convinces us of the necessity of a rule to prohibit such invidious practices.

CONCLUSION

Other than a *section 216(c)* payment supervised by the Department of Labor, there is only one context in which compromises of FLSA back wage or liquidated damage claims may be allowed: a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. Since the agreements presented by Lynn's to the district court meet none of the above criteria, the district court was correct in refusing to approve the agreements. Accordingly, the decision of the district court is affirmed.

AFFIRMED.

---

End of Document